**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5982-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANK P. RENDFREY,

     Defendant-Appellant.

_____

Submitted February 25, 2020 – Decided March 18, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 09-09-1481.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Frank Rendfrey appeals from an April 13, 2018 order denying his petition for post-conviction relief (PCR).

Defendant raises the following points of argument in his counseled brief:

POINT I

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND [THE] NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE

POINT II

THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR

POINT III

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

POINT IV

THE LOWER COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING

In a pro se supplemental brief, without point headings, defendant argues that trial counsel was ineffective because counsel: 1) failed to raise the issue of

the victim's dogs to discredit an eyewitness's testimony; 2) failed to explore the victim's mental health as a defense; 3) disallowed defendant from testifying in his own defense; and 4) he lacked the competence to handle the technology required to put forth an effective defense. He also raised two arguments that are identical to those in the counseled brief.

After thoroughly reviewing the record, we conclude that all of defendant's arguments are without merit and, except as briefly addressed below, they do not warrant discussion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by the PCR judge in his oral decision of April 13, 2018. We add these comments.

Defendant was convicted of third-degree theft, contrary to N.J.S.A. 2C:20-3; first-degree murder, contrary to N.J.S.A. 2C:11-3(a)(1) to (2); third-degree hindering own apprehension, contrary to N.J.S.A. 2C:29-3(b); and first-degree witness tampering, contrary to N.J.S.A. 2C:28-5(a)(2). He was also found guilty of criminal trespass, contrary to N.J.S.A. 2C:18-3, a lesser-included offense of burglary. He was found eligible for an extended term sentence and sentenced to a prison term of life plus fifteen years, with thirty-five years of parole ineligibility.

A-5982-17T1

We affirmed defendant's convictions on direct appeal. State v. Rendfrey, No. A-3897-11 (App. Div. Nov. 20, 2013). The matter was remanded for resentencing under the No Early Release Act, N.J.S.A. 2C:43-7.2. On remand, defendant was resentenced on the murder count to life imprisonment with 63.75 years of parole ineligibility.

The evidence was discussed in detail and need not be repeated here. In summary, defendant strangled his girlfriend and staged her death as a heroin overdose, putting a rubber band around her arm, a syringe in her arm and placing empty heroin packets on the floor. He later told the mother of his child he had strangled the victim in self-defense; he told police he was in New York at the time of these events.

In his PCR brief, defendant raised eighteen grounds on which he asserted trial counsel was ineffective. He also contended appellate counsel was ineffective for failing to raise additional issues on appeal.

The PCR court addressed and rejected each of the arguments in its oral decision. He noted that some of the arguments of ineffective assistance were dispelled by the evidence of counsel's actions in the record, some were bald assertions with no supporting certifications, some were already raised and decided on direct appeal, Rule 3:22-5, and others were barred because they could

have been raised on direct appeal, Rule 3:22-4. The court also found defendant's contentions regarding appellate counsel meritless as counsel raised four arguments on appeal, evidencing he made a "learned," "strategic decision" to omit the other claims.

The PCR court's analysis of the raised claims is supported by credible evidence. Many of the issues were procedurally barred as they could have been raised on direct appeal. "Issues that could and should have been raised on direct appeal from the defendant's conviction are barred by Rule 3:22-4(a) unless the exceptions to the Rule have been established." State v. Reevey, 417 N.J. Super. 134, 148 (App. Div. 2010) (citation omitted). "Where the exceptions do not apply, consideration of such issues is properly barred." Ibid. (citations omitted). Defendant has not asserted any applicable exceptions.

The remainder of the assertions were not supported by certifications or affidavits. To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence, rather than "bald assertions . . . ." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant did not meet that standard here.

As stated, defendant presented a pro se supplemental brief raising an additional four arguments. The PCR court did not explicitly address those

contentions. We are mindful that under <u>Rule</u> 3:22-11, a PCR court must "state separately its findings of fact and conclusions of law" regarding the arguments set forth in a PCR petition. Here, the PCR court stated he had "read all the papers" but he did not refer to the supplemental arguments. Nevertheless, we are satisfied after reviewing the pro se arguments in light of the record and applicable principles of law, that a remand is unnecessary.

The contention regarding the victim's dogs is intertwined with the argument the PCR court considered and rejected in its analysis regarding the cross-examination of a particular eyewitness. The remaining contentions are all bald assertions, without merit, and unsupported by any certification or affidavit.

Defendant has not presented a prima facie case as to either prong of the <u>Strickland</u>[1] test. Therefore, he was not entitled to an evidentiary hearing on his PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

A-5982-17T1